**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

| | |
|---|---|
| RYAN BOUCHER, HEATHER BOUCHER, CHRISTOPHER DETTLOFF, and ADAM DUCH, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>  vs.<br><br>FINANCE SYSTEM OF GREEN BAY, INC., a Wisconsin Corporation; and, JOHN AND JANE DOES NUMBERS 1 THROUGH 25,<br><br>     Defendants. | Case No.: _____ |

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiffs, RYAN BOUCHER, HEATHER BOUCHER, CHRISTOPHER DETTLOFF, DETTLOFF ("DETTLOFF"), and ADAM DUCH ("DUCH") (collectively "Plaintiffs") on behalf of themselves and all others similarly situated, brings this action for the illegal practices of Defendant, FINANCE SYSTEM OF GREEN BAY ("FSGB"). In support of their Class Action Complaint, Plaintiffs say:

1. Plaintiffs, on their own behalf and on behalf of the class they seek to represent, and demanding a trial by jury, bring this action for the illegal practices of FSGB who used unfair, unconscionable, false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect alleged debts from the Plaintiffs and others. Plaintiffs allege FSGB's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2.    Such collection practices include, *inter alia*, sending consumers written communications to collect debts, which falsely state the consumers' alleged defaulted and charged-off debts are continuing to accrue daily interest, late charges, and other charges.

3.    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4.    The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

5.    To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

6.     Plaintiffs, on behalf of themselves and all others similarly situated, seeks statutory damages, injunctive relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II.  PARTIES

7.     RYAN BOUCHER is a natural person.

8.     At all times relevant to this complaint, RYAN BOUCHER has been a citizen of, and resided in, the City of Marinette, Marinette County, Wisconsin.

9.     HEATHER BOUCHER is a natural person.

10.    At all times relevant to this complaint, HEATHER BOUCHER has been a citizen of, and resided in, the City of Marinette, Marinette County, Wisconsin.

11.    RYAN BOUCHER and HEATHER BOUCHER are collectively referred to hereinafter as the "The Bouchers."

12.    DETTLOFF is a natural person.

13.    At all times relevant to this complaint, DETTLOFF has been a citizen of, and resided in, the Village of Stockbridge, Calumet County, Wisconsin.

14.    DUCH is a natural person.

15.    At all times relevant to this complaint, DUCH has been a citizen of, and resided in, the City of Clintonville, Waupaca County, Wisconsin.

16.    At all times relevant to this complaint, FSGB is a Corporation existing pursuant to the laws of the State of Wisconsin.

17.    Plaintiffs are informed and believe, and on that basis allege, that FSGB maintains its principal place of business at 301 North Jackson Street, City of Green Bay, Brown County, Wisconsin.

18.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. The Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

19.     The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of FSGB that are the subject of this Complaint. Those Defendants personally control, and are engaged in, the illegal acts, policies, and practices utilized by FSGB and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III.  JURISDICTION & VENUE

20.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

21.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because FSGB is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS CONCERNING THE PARTIES

*A.      The Bouchers*

22.     The Bouchers are alleged to have incurred and defaulted on a financial obligation to Barker Physical Therapy for medical services ("Barker Debt").

23.     The alleged Barker Debt arose out of a transaction in which the money, property,

insurance, or services that were the subject of the transaction were primarily for personal, family, or household purposes.

24.     FSGB contends the Barker Debt is in default.

25.     The alleged Barker Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

26.     The Bouchers are each, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

27.     The Bouchers are informed and believe, and on that basis allege, that sometime prior to June 6, 2016, the creditor of the Barker Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to FSGB for collection.

28.     FSGB is a company that collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

29.     FSGB is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30.     On or about June 6, 2016, FSGB mailed The Bouchers a collection letter concerning the Barker Debt, which was dated June 6, 2016, and which The Bouchers received in the ordinary course of mail. ("6/6/2016 Letter"). A true and correct copy of the 6/6/2016 Letter is attached hereto as *Exhibit A*, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted The Boucher's financial account numbers and home address to protect their privacy.

31.     The 6/6/2016 Letter was mailed, or caused to be mailed, to The Bouchers by persons employed by FSGB as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

32.     The 6/6/2016 Letter was sent to The Bouchers in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

33.     The 6/6/2016 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. The bottom of the front page of the 6/6/2016 Letter contains the following disclaimer:

> As of the date of this letter, you owe $215.53. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater.

35. The Bouchers are informed and believe, and on that basis allege, that there are no "late charges and other charges that may vary from day to day" regarding the Barker Debt.

36. Neither FSGB nor the creditor of the Barker Debt may legally or contractually impose late charges on the Barker Debt.

37. The creditor of the Barker Debt does not, did not, and never will, add late charges to the debt FSGB sought to collect from The Bouchers.

38. FSGB does not, did not, and never will, add late charges to the Barker Debt.

39. Neither FSGB nor the creditor of the Barker Debt may legally or contractually impose other charges on the Barker Debt.

40. The creditor of the Barker Debt does not, did not, and never will, add other charges to the debt FSGB sought to collect from The Bouchers.

41. FSGB does not, did not, and never will, add other charges to the Barker Debt

42. The Bouchers are informed and believe, and on that basis allege, the creditor of the Barker Debt attempts to collect its own debts for a period of time before sending uncollected debts to collection agencies such as FSGB.

43. The Bouchers are informed and believe, and on that basis allege, the creditor of the Barker Debt does not add interest to medical debts it attempts to collect on its own behalf.

44. To the extent FSGB collects interest on medical debts, The Bouchers are informed and believe, and on that basis allege, that FSGB retains the collected interest as profit and does not pay it to the creditor.

**B.**     *Dettloff*

45.     DETTLOFF is alleged to have incurred and defaulted on a financial obligation to Hand to Shoulder Center of Wisconsin for medical services ("Hand Debt").

46.     The alleged Hand Debt arose out of a transaction in which the money, property, insurance, or services that were the subject of the transaction were primarily for personal, family, or household purposes.

47.     FSGB contends the Hand Debt is in default.

48.     The alleged Hand Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

49.     DETTLOFF is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

50.     DETTLOFF is informed and believes, and on that basis alleges, that sometime prior to September 7, 2016, the creditor of the Hand Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to FSGB for collection.

51.     On or about, September 7, 2016, FSGB mailed DETTLOFF a collection letter concerning the Hand Debt, which was dated September 7, 2016, and which DETTLOFF received in the ordinary course of mail. ("9/7/2016 Letter"). A true and correct copy of the 9/7/2016 Letter is attached hereto as ***Exhibit B***, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted DETTLOFF's financial account numbers and home address to protect his privacy.

52.     The 9/7/2016 Letter was mailed, or caused to be mailed, to DETTLOFF by persons employed by FSGB as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

53.     The 9/7/2016 Letter was sent to DETTLOFF in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

54.     The 9/7/2016 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

55.    The bottom of the front page of the 9/7/2016 Letter contains the following disclaimer:

> As of the date of this letter, you owe $384.00. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater.

56.    DETTLOFF is informed and believes, and on that basis alleges, that there are no "late charges and other charges that may vary from day to day" regarding the Hand Debt.

57.    Neither FSGB nor the creditor of the Hand Debt may legally or contractually impose late charges on the Hand Debt.

58.    The creditor of the Hand Debt does not, did not, and never will, add late charges to the debt FSGB sought to collect from DETTLOFF.

59.    FSGB does not, did not, and never will, add late charges to the Hand Debt.

60.    Neither FSGB nor the creditor of the Hand Debt may legally or contractually impose other charges on the Hand Debt.

61.    The creditor of the Hand Debt does not, did not, and never will, add other charges to the debt FSGB sought to collect from DETTLOFF.

62.    FSGB does not, did not, and never will, add other charges to the Hand Debt.

63.    DETTLOFF is informed and believes, and on that basis alleges, the creditor of the Hand Debt attempts to collect its own debts for a period of time before sending uncollected debts to collection agencies such as FSGB.

64.    DETTLOFF is informed and believes, and on that basis alleges, the creditor of the Hand Debt does not add interest to any medical debts it attempts to collect on its own behalf.

65.    To the extent FSGB collects interest on medical debts, DETTLOFF is informed and believes, and on that basis alleges, that FSGB retains the collected interest as profit and does not pay it to the creditor.

### C.    Duch

66.    DUCH is alleged to have incurred and defaulted on a financial obligation to Fox Valley Emergency Medicine for medical services ("Fox Debt").

67.    The alleged Fox Debt arose out of a transaction in which the money, property, insurance, or services that were the subject of the transaction were primarily for personal, family, or household purposes.

68.    FSGB contends the Fox Debt is in default.

69.    The alleged Fox Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

70.    DUCH is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

71.    DUCH is informed and believes, and on that basis alleges, that sometime prior to July 29, 2016, the creditor of the Fox Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to FSGB for collection.

72.    On or about, July 29, 2016, FSGB mailed DUCH a collection letter concerning the Fox Debt, which was dated July 29, 2016, and which DUCH received in the ordinary course of mail. ("7/29/2016 Letter"). A true and correct copy of the 7/29/2016 Letter is attached hereto as ***Exhibit C***, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted DUCH's financial account numbers and home address to protect his privacy.

73.    The 7/29/2016 Letter was mailed, or caused to be mailed, to DUCH by persons employed by FSGB as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

74.    The 7/29/2016 Letter was sent to DUCH in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

75.    The 7/29/2016 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

76. The bottom of the front page of the 7/29/2016 Letter contains the following disclaimer:

> As of the date of this letter, you owe $424.50. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater.

77. DUCH is informed and believes, and on that basis alleges, that there are no "late charges and other charges that may vary from day to day" regarding the Fox Debt.

78. Neither FSGB nor the creditor of the Fox Debt may legally or contractually impose late charges on the Fox Debt.

79. The creditor of the Fox Debt does not, did not, and never will, add late charges to the debt FSGB sought to collect from DUCH.

80. FSGB does not, did not, and never will, add late charges to the Fox Debt.

81. Neither FSGB nor the creditor of the Fox Debt may legally or contractually impose other charges on the Fox Debt.

82. The creditor of the Fox Debt does not, did not, and never will, add other charges to the debt FSGB sought to collect from DUCH.

83. FSGB does not, did not, and never will, add other charges to the Fox Debt.

84. DUCH is informed and believes, and on that basis alleges, the creditor of the Fox Debt attempts to collect its own debts for a period of time before sending uncollected debts to collection agencies such as FSGB.

85. DUCH is informed and believes, and on that basis alleges, the creditor of the Fox Debt does not add interest to any medical debts it attempts to collect on its own behalf.

86. To the extent FSGB collects interest on medical debts, DUCH is informed and believes, and on that basis alleges, that FSGB retains the collected interest as profit and does not pay it to the creditor.

**D.      Facts Common to Exhibits A, B, and C**

87.      The disclaimers on *Exhibits A, B,* and *C* are materially false, deceptive, and misleading in that, *inter alia*, they falsely suggest to unsophisticated consumers that the amount of their debts will increase due to an undisclosed amount of "late charges and other charges" that "vary from day to day."

88.      The disclaimers on *Exhibits A, B,* and *C* are materially false, deceptive, and misleading in that, *inter alia*, they state the consumer will, therefore, owe an additional undisclosed sum of money after payment is tendered to FSGB.

89.      *Exhibits A, B,* and *C* cause unsophisticated consumers uncertainty and force him/her to guess how much money s/he allegedly owed FSGB, how much money would accrue daily on his/her alleged debt, how much additional money s/he would owe if they paid the amount demanded in *Exhibits A, B,* and *C*, and if/when FSGB's collection efforts would actually stop if s/he remitted the entire payment demanded.

90.      FSGB intended that its materially false and deceptive statements contained in *Exhibits A, B,* and *C* cause Plaintiffs and other similarly situated consumers to incorrectly believe they would benefit financially by immediately sending payment for the amount demanded rather than waiting to make such payment.

## V.  POLICIES AND PRACTICES COMPLAINED OF

91.      It is FSGB's policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692g(a)(1).

92.      On information and belief FSGB's collection letters, in the form attached as *Exhibits A, B,* and *C*, were mailed to hundreds of consumers who are similarly situated with Plaintiffs.

## VI. CLASS ACTION ALLEGATIONS

93.     Plaintiffs bring this claim on behalf of one class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) and (3).

94.     With respect to the Class, this claim is brought on behalf of a class of (a) all persons with addresses in the State of Wisconsin (b) to whom FSGB mailed a collection letter in an attempt to collect a defaulted medical debt; (c) which was not returned as undelivered by the United States Postal Service; (d) and which letter stated, "because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater" and the amount did not increase in the next collection letter; (e) and which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days thereafter.

95.     The identities of all class members are readily ascertainable from the records of FSGB, Barker Physical Therapy, Hand to Shoulder Center of Wisconsin, Fox Valley Emergency Medicine, and other entities on whose behalf FSGB attempts to collect medical debts.

96.     Excluded from the Class are FSGB and each of its officers, members, partners, managers, directors, and employees and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

97.     There are questions of law and fact common to the Class which common issues predominate over any issues involving only individual class members. The principal issue is whether FSGB's initial written communications to consumers, in the form attached as ***Exhibits A, B, and C***, violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692g(a)(1).

98.     The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

99.     The Plaintiffs will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

100.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Class defined above are so numerous that joinder of all members would be impractical.

(c)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class, which predominate over any questions or issues involving only individual class members. The principal issue is whether FSGB's standardized, computer-generated, collection letters that it sends to consumers, in the form attached as ***Exhibits A, B,*** and ***C*** violate 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692g(a)(1).

(d)     **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Class have claims arising out of FSGB's common uniform course of conduct complained of herein.

(e)     **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any

interests which might cause them not to vigorously pursue the instant class action lawsuit.

(f) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

101.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

102.    Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of their class certification motion: (i) seek to modify the definition of the Class (defined *supra*) to be more inclusive or less inclusive; seek to modify the definition of the Class claims (defined *supra*) to be more inclusive or less inclusive; and/or (iii) seek certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

### VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

103.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

104.    FSGB violated the FDCPA. FSGB's violations, with respect to its written communications in the form attached as ***Exhibits A, B,*** and *C* include, but are not limited to:

(a)    Using false, deceptive, and misleading representations or means in connection with

the collection of any debt in violation of 15 U.S.C. § 1692e;

(b) Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(c) Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§ 1692e and 1692e(5);

(d) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

(e) Failing to provide the amount of the debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692g(a)(1).

## VIII.  PRAYER FOR RELIEF

105.    WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and in favor of the Class as follows:

**A.      For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and the undersigned counsel to represent the Class previously set forth and defined *supra*;

(ii) An award of statutory damages for Plaintiffs and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(iv) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

Respectfully submitted this 30th Day of January 2017

> s/ Heather B. Jones
> _____
> Heather B. Jones, Esq.
> Philip D. Stern, Esq.
> Andrew T. Thomasson, Esq.
> STERN•THOMASSON LLP
> 150 Morris Avenue, 2nd Floor
> Springfield, NJ 07081-1329
> Telephone: (973) 379-7500
> Facsimile: (973) 532-5868
> E-Mail: philip@sternthomasson.com
> E-Mail: andrew@sternthomasson.com
> E-Mail: heather@sternthomasson.com
>
> Daniel A. Edelman, Esq.
> Francis R. Greene, Esq.
> EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
> 20 South Clark Street, Suite 1500
> Chicago, IL 60603
> Telephone: (312) 917-4500
> Facsimile: (312) 419-0379
> E-Mail: dedelman@edcombs.com
> E-Mail: fgreene@edcombs.com
>
> _Attorneys for Plaintiffs, Ryan Boucher, Heather Boucher, Christopher Dettloff, Adam Duch and all others similarly situated_