UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN BOUCHER, HEATHER BOUCHER,
CHRISTOPHER DETTLOFF, and ADAM
DUCH, on behalf of themselves and all others
similarly situated,

            Plaintiffs,

    v.                                              Case No. 17-C-132

FINANCE SYSTEM OF GREEN BAY, INC.
and JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

            Defendants.

## DECISION AND ORDER GRANTING MOTION TO DISMISS

Plaintiffs Ryan Boucher, Heather Boucher, Christopher Dettloff, and Adam Duch sued Defendant Finance System of Green Bay, Inc., for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Plaintiffs allege that Finance System sent debt collection letters which falsely stated that the balances owed might increase "due to interest, late charges and other charges," even though Finance System had no authority or intent to charge "late charges and other charges." On April 10, 2017, Finance System moved to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the motion to dismiss will be granted.

### ALLEGATIONS OF COMPLAINT

The following allegations are taken directly from Plaintiffs' complaint and are accepted as true for the purpose of the motion to dismiss. *Ameritech Corp. v. McCann*, 297 F.3d 582, 585 (7th

Cir. 2002). Each named plaintiff is alleged to have incurred and defaulted on a financial obligation for medical services. Compl. (ECF No. 1), ¶¶ 22, 45, 66. The creditor of those medical debts then assigned, placed, or transferred the debt to Finance System for collection. *Id.* at ¶¶ 27, 50, 71. Finance System sent a collection letter to each of the plaintiffs, which included the following statement:

> As of the date of this letter, you owe $ [stated amount]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check. For further information, write to the address above or call [listed number].

Ex. A (ECF No. 1-1); Ex. B (ECF No. 1-2); Ex. C (ECF No. 1-3).

Plaintiffs allege upon information and belief that late charges or other charges could never be lawfully imposed on the medical debts, that late charges or other charges were never imposed, and that Finance Services never intended to impose late charges or other charges. Compl. ¶¶ 35–41, 56–62, 77–83. They acknowledge, however, that Finance System is entitled to collect interest on the medical debts and that Finance System retains the collected interest as profit. *Id.* at ¶¶ 44, 65, 86.

Based on these allegations, Plaintiffs claim that Finance System's collection letters are materially false, deceptive, and misleading in violation of the FDCPA. They allege that Finance System's letters falsely suggest to unsophisticated consumers that their debt will increase an undisclosed amount every day due to "late charges and other charges"; that the letters make false threats to take action that cannot be legally taken and/or that is not intended to be taken; that Finance System is using false representations and/or deceptive means to collect or attempt to collect a debt; and that Finance System fails to provide the amount of the debt. *Id.* at ¶ 104.

2

Finance System has moved for dismissal for failure to state a claim. Finance System contends that the statement of debt in its collection letters does not violate the FDCPA because the language used is nearly identical to the safe harbor language the Seventh Circuit held satisfied the debt collector's duty to state the amount of the debt in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC*, 214 F.3d 872, 876 (7th Cir. 2000). Finance System also argues that because Finance System was authorized by the creditor to add 5% interest per year on Plaintiffs' accounts, the letters were not materially false, deceptive, or misleading in violation of the FDCPA. Exs. A–C.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he or she must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *Yasak v. Retirement Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

## ANALYSIS

The Fair Debt Collection Practices Act is aimed at remedying the use of "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). "Among other things, the FDCPA

3

regulates when and where a debt collector may communicate with a debtor, restricts whom a debt collector may contact regarding a debt, prohibits the use of harassing, oppressive, or abusive measures to collect a debt, and bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting a debt." *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010) (citing §§ 1692, 1692c–1692f). Two threshold criteria must be met for a claim under the FDCPA: the defendant must be a "debt collector" and "the communication that forms the basis of the suit must have been made 'in connection with the collection of any debt.'" *Id.* (citing §§ 1692c(a)–(b), 1692e, 1692g). Here, the parties do not dispute for the purposes of this motion that Finance System is a debt collector and that the collection letters were mailed in connection with the collection of a consumer debt. The sole dispute is whether the language used in Finance System's collection letters violates the FDCPA.

The complaint claims that the language used in Finance System's collection letters—"[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater"—amounts to "unfair and deceptive acts and practices" in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692g(a)(1). "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A debt collector must also notify the debtor of the amount of the debt. 15 U.S.C. § 1692g(a)(1).

Whether a debt collector's communications are false, deceptive, or misleading is assessed from the perspective of an "unsophisticated consumer." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). The unsophisticated consumer standard "protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness. The reasonableness element

4

in turn shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). Furthermore, consumers "don't need protection against false statements that are immaterial in the sense that they would not influence a consumer's decision—in the present context his decision to pay a debt in response to a dunning letter." *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009). "If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense. For purposes of § 1692e, then, a statement isn't 'false' unless it would confuse the unsophisticated consumer." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645–46 (7th Cir. 2009).

Finance System asserts that its collection letters do not make any representations that could be considered false, deceptive, or misleading to an unsophisticated consumer. Instead, it claims that it uses the language the Seventh Circuit instructed debt collectors to use when outside charges, such as interest or late fees, could cause the amount owed to vary on a daily basis. *See Miller*, 214 F.3d at 876. In *Miller*, the Seventh Circuit offered the following guidance for complying with the "amount of debt" provision of the FDCPA, 15 U.S.C. § 1692g(a)(1):

> In a previous case, in an effort to minimize litigation under the debt collection statute, we fashioned a "safe harbor" formula for complying with another provision of the statute. We think it useful to do the same thing for the "amount of debt" provision. We hold that the following statement satisfies the debt collector's duty to state the amount of the debt in cases like this were the amount varies from day to day: "As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800– [phone number]."

5

*Id.* The Seventh Circuit further noted a debt collector who uses such language will not violate the "amount of the debt" provision so long as "the information he furnishes is accurate and he does not obscure it by adding confusing other information (or misinformation)." *Id.* Courts within this Circuit have also found the use of the *Miller* language may be used in disputes involving § 1692e. *See Wilder v. J.C. Christensen & Assoc., Inc.*, No. 16-CV-1979, 2016 WL 7104283, at *4 (N.D. Ill. Dec. 6, 2016) ("[U]se of the language from *Miller* or *Taylor* remains instructive for evaluating a Section 1692e claim."); *Tilmon v. LVNV Funding, LLC*, No. 12-CV-734-WDS, 2014 WL 335234, at *3 (S.D. Ill. Jan. 30, 2014).

Finance System further asserts that the Seventh Circuit later clarified that its safe harbor language from *Miller* should be read as "interest, late charges, *or* other charges." In *Chuway v. National Action Financial Services*, the court held that when the balance of a debt is static, the collection letter should not confuse the issue by referring to the amount due as the "current" balance. 362 F.3d 944, 949 (7th Cir. 2004). However, the Seventh Circuit provided further guidance on the situations in which the safe harbor language from *Miller* is appropriate and how it should be interpreted:

> Our conclusion does not place debt collectors on a razor's edge, where if they say too little they violate the Act by failing to disclose the amount of the debt they are trying to collect and if they say too much they violate the Act by confusing the consumer. . . . If, instead, the debt collector is trying to collect the listed balance plus the interest running on it <u>or</u> other charges, he should use the safe-harbor language of *Miller*[.]

*Id.* (emphasis added). Finance System thus argues that if the balance owed to a debt collector is not static, a collection letter may use the entirety of the *Miller* language—even if interest, late charges, and other charges are not all applicable to the present debt.

6

Plaintiffs assert the language of the *Miller* safe harbor formula should be read strictly: if interest, late charges, and other charges do not **all** apply to the consumer's debt, then listing all three options misleads unsophisticated consumers in violation of the FDCPA. Under Plaintiffs' interpretation of the *Miller* safe harbor language, debt collectors must narrowly tailor the statement to each unique situation and eliminate the variable charges that no longer apply. *See Wilder*, 2016 WL 7104283, at *1 (limiting the disclaimer language to interest only). Failure to narrow the language to the facts of the case would thus result in inaccurate and misleading information in violation of the FDCPA. Applying that strict standard to this case, Plaintiffs argue, it is clear that Finance System violated the FDCPA. It does not matter, Plaintiffs contend, that Finance System was entitled to collect interest on the debts or that the amount Plaintiffs owe may ultimately differ from the amount listed in the collection letter: the letters "falsely informed the unsophisticated consumer that the amount of their debt would increase *daily* due to 'late charges and other charges' when, in fact, the debt could never increase for either reason." Pl. Resp. Br. (ECF No. 22) at 22 (emphasis in original).

Plaintiffs' reading of Finance System's collection letter is unreasonable. As was the case in *Miller*, no reasonable person could conclude that the letter used by Financial System "does not inform the debtor of the amount due." 214 F.3d at 876. The letters stated the amount due on the date they were sent. Furthermore, Financial System's letters clearly informed the debtors that the amount due is not fixed and *may* increase by the time they ultimately pay. "A statement cannot mislead unless it is material, so a false but non-material statement is not actionable." *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009). Whether the increase occurred because of interest, late charges, other charges, some combination thereof, or all of the above, the crucial fact

7

conveyed is that the amounts owed by Plaintiffs were not fixed. Finance System was entitled potentially collect more than the amount listed in the letter upon payment and Plaintiffs have not alleged that Finance System intends not to exercise that right. Finance System's failure to delete "late charges and other charges" from its collection letter does not amount to a materially false, deceptive, or misleading representation. Indeed, the central purpose of *Miller*'s safe harbor formula is to provide debt collectors with a way to notify debtors that the amounts they owe may ultimately vary. Finance System's letter fulfilled that pupose.

A brief discussion regarding a recent Northern District of Illinois decision, *Ruge v. Delta Outsource Group, Inc.*, No. 15-CV-10865, 2017 WL 959017 (N.D. Ill. Mar. 13, 2017), is also appropriate. In *Ruge*, the defendant issued a collection letter notifying the plaintiff that "[b]ecause of interest, late charges, or other charges that may vary from day to day, the amount due on the day you pay may be greater." *Id.* at *1. However, the defendant in that case had a policy of not adding interest, late fees, or other fees, and the defendant did not add interest or late charges to accounts like the plaintiff's. *Id.* The court held that the defendant's letter was materially false or misleading because "it implied that 'because of interest' the amount due may increase. This implied an action—the assessment of interest—that Delta did not intend to take, in violation of § 1692e(5)." *Id.* at *2. The court further held that "*Miller* does not provide a defense if the safe harbor language itself is inaccurate under the circumstances." *Id.* at *3. Notably, the court did not find the collection letter was materially false for listing possible late charges or other charges despite those charges not being available. *Ruge* is distinguishable from the present case because the amount owed in *Ruge* was fixed—the defendant never intended to collect interest. Here, Finance System is entitled to 5% interest per year on the accounts and Plaintiffs have not alleged that Finance System will not add the

8

interest to the amount due. Because the debts owed to Finance System are variable, its collection letters were not materially false or misleading.

Ultimately, the allegations of the complaint only allege that Finance System would be unable to collect late charges and other charges on the debts listed in its collection letter. The complaint concedes that Finance System is entitled to collect interest on its debts and does not allege that Finance System will not attempt to collect interest. Given these facts, Finance System's use of *Miller*'s safe harbor language was proper and Plaintiffs have failed to state a claim under the FDCPA. Finance System accurately notified Plaintiffs of the amount due on the date of the letter and that the amounts due may vary due to additional charges. The letters were not false, deceptive, or misleading. Accordingly, Plaintiffs' FDCPA claims will be dismissed.

## CONCLUSION

For the reasons given above, Finance System's motion to dismiss (ECF No. 20) is **GRANTED** and the complaint is dismissed. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** this   30th   day of May, 2017.

                                  s/ William C. Griesbach
                                  William C. Griesbach, Chief Judge
                                  United States District Court